1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY A. SANDERS, | CASE NO. 1:10-cv-02332-LJO-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| FEDERAL BUREAU OF INVESTIGATIONS, JOHN DOES 1 TO 8, | |
| Defendants. | (Doc. 1) |
| _____/ | |

## SCREENING ORDER

Plaintiff Gary A. Sanders, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this

civil rights action on December 15, 2010, pursuant to *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil

rights by federal actors.

**I.     Pleading Standards and Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

-1-

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4  claim upon which relief may be granted."  28 U.S.C. § 915(e)(2)(B)(ii).

5  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

6  exceptions," none of which applies here.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

7  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

8  that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give

9  the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

10  *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare

11  recitals of the elements of the cause of action, supported by mere conclusory statements, do not

12  suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v.*

13  *Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as

14  true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550

15  U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550

16  U.S. at 555.

17  Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief

18  above the speculative level."  *Id.* at 555 (*citations omitted*).  A plaintiff must set forth "the grounds

19  of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic

20  recitation of the elements of a cause of action."  *Id.* at 555-56 (*internal quotation marks and citations*

21  *omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and

22  factual basis for his claim.

23  **II.    Plaintiff's Claim - Excessive Force in Effectuating Arrest**

24  **A.    Factual background**

25  On December 23, 2009, Plaintiff was arrested by the "Kern County Bureau of

26  ///

27  ///

28  ///

1    Investigations,"[1] which was assisting the Kern County Violent Crime Task Force.  Eight

2    unidentified members of the FBI, who were also members of the Task Force, kicked and beat

3    Plaintiff, until he was unconscious and bleeding from his nose.  The assault fractured Plaintiff's back

4    and crushed his skull and face.  Plaintiff's dentures were lost during the course of his arrest.

5          Following the assault, Plaintiff was hospitalized and underwent plastic surgery.  He continues

6    to experience pain as a result of the assault and anticipates life-long medical issues attributable to his

7    injuries.  Plaintiff seeks monetary damages.

8          **B.    Defendants**

9                **1.    Federal Bureau of Investigation (FBI)**

10          Under *Bivens*, a plaintiff has a cause of action for damages against federal agents who

11    violated the plaintiff's constitutional rights.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994).  No similar

12    cause of action exists against federal agencies.  *Id.* at 473, 486.  Accordingly, Plaintiff cannot pursue

13    a cause of action against the F.B.I.

14                **2.    "John Doe" Defendants.**

15          Plaintiff also names John Does 1 to 8, whose names are currently unknown to Plaintiff.  The

16    Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants."

17    *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th

18    Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997).  *See also Fifty Associates v. Prudential Ins. Co. of*

19    *America*, 446 F.2d 1187, 1191 (9th Cir. 1970).  "As a general rule, the use of 'John Doe' to identify a

20    defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, a

21    plaintiff must be afforded an opportunity to identify the unknown defendants through discovery,

22    unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for

23    other reasons.  *Id.*  "While Doe pleading is disfavored, it is not prohibited in federal practice."  *Lopes*

24    *v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Cal. 2008).

25    ///

26

27          [1] The Court is unaware of any entity using this name.  In his amended complaint, Plaintiff should specify the correct
      name, perhaps the Federal Bureau of Investigation, Kern County office, or a specific Kern County law enforcement agency
28    commonly known by another name.

1    Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent

2  standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and

3  orders of the Court, including diligently acting to identify any "John Doe" defendants named in his

4  suit. *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008).  When a plaintiff is not

5  able to name one or more Defendants when he files his complaint, he must provide sufficient

6  information to enable the Court and his opponents to know who he is trying to identify. *See Bivens*,

7  403 U.S. at 390 n. 2 (in which "the District Court ordered that the complaint be served upon 'those

8  federal agents who it is indicated by the records of the United States Attorney participated in the

9  November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4

10  (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the

11  plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the

12  name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his

13  release' and the 'Duty Roster for that day.'")  Here, Plaintiff has identified the eight John Doe

14  defendants as the FBI agents who were members of the Kern County Violent Crime Gang Task

15  Force who arrested Plaintiff on December 23, 2009.  These individuals should be subject to

16  identification through government records.[2]

17              **3.      Other Defendants**

18      Although Plaintiff alleges that "members of the [Kern County Violent Crimes Gang] task

19  force which included the F.B.I. agents John Does 1 to 8" beat and kicked him incident to his arrest,

20  the caption names as Defendants only the Federal Bureau of Investigation and John Does 1 to 8.  If

21  Plaintiff's intent is to also sue other members of the task force or any other person, the names of

22  those Defendants should be included in the caption of the First Amended Complaint.

23      **C.      Plaintiff's Claims**

24              **1.      Excessive Force**

25      Plaintiff contends that Defendants violated his rights by applying excessive force in the

26  course of his arrest.  Under the Fourth Amendment, made applicable to the states by the Fourteenth

27  _____

28  [2] The United States Marshal cannot initiate service of process on unknown defendants.  Accordingly, Plaintiff's complaint will not move forward until Plaintiff is able to identify one or more defendants.

1    Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v.*

2    *Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961).  An officer may arrest a

3    person without a warrant only if there is probable cause to believe that the person has committed or

4    is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).  Each case is determined

5    on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996).

6    Those facts and circumstances will determine the Fourth Amendment's reach in a particular case.

7    *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

8          A seizure occurs when the government ends a person's freedom of movement by

9    intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*,

10   489 U.S. 593, 596-97 (1989).  A claim of excessive force in the course of a seizure is properly

11   analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*,

12   490 U.S. 386, 388 (1989).  To evaluate a Fourth Amendment claim, this Court must consider

13   whether each Defendant's actions were objectively reasonable in light of the facts of the arrest.

14   *Scott*, 550 U.S. at 381.  This means that the Court must consider whether the arresting officer's

15   actions were objectively reasonable in light of the facts and circumstances of the arrest, without

16   regard to their underlying intent or motivation. *Graham*, 490 U.S. at 387.  Reasonableness of the

17   type of force used is evaluated from the perspective of an officer on the scene and must include an

18   allowance for the fact that police officers are often forced to make a split-second determination of the

19   necessary amount of force. *Id.*

20         In his complaint, Plaintiff has not alleged sufficient specific facts to allow the Court to

21   understand the circumstance of the arrest and the specific facts relevant to assessing whether the

22   Defendants' force was excessive.  If Plaintiff amends his complaint, as he is permitted to do by this

23   order, he must allege additional facts alleging that each Defendant acted unreasonably with regard to

24   his use of force in the course of Plaintiff's arrest.

25              **2.      Cruel and Unusual Punishment**

26         The Eighth Amendment prohibits the imposition of cruel and unusual punishments and

27   "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency."

28   *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (*citations and internal quotations omitted*).  "No static

1   'test' can exist by which courts determine whether conditions of confinement are cruel and unusual,

2   for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark

3   the progress of a maturing society.'"  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), *quoting Trop v.*

4   *Dulles*, 356 U.S. 86, 101 (1958).  Although a violent assault in the course of arrest could be

5   described as cruel and unusual, because assaults incident to arrest do not occur as a condition of

6   confinement, they are not subject to the Eighth Amendment, but are properly evaluated as a violation

7   of the Fourth Amendment as discussed above.  Accordingly, Plaintiff does not state a cognizable

8   cause of action pursuant to the Eighth Amendment.

9   **III.    Conclusion and Order**

10         Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will

11   provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified

12   by the Court in this order.  Plaintiff may not change the nature of this suit by adding new, unrelated

13   claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

14         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

15   named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

16   *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the "[f]actual

17   allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*,

18   550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal claims and setting

19   forth, as briefly but specifically as possible, the facts linking the defendants he names to the violation

20   of his rights.

21         Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

22   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v.*

23   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the

24   prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original

25   complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567;

26   *accord Forsyth*, 114 F.3d at 1474.

27   ///

28   ///

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

4.      If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:     February 7, 2011**                         **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE