UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY A. SANDERS,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS, *et al.*, SENIOR OFFICER (JOHN DOE) SHERMAN, FEDERAL GANG TASK FORCE,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-02332-LJO-SMS<br><br>ORDER DISMISSING AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 5) |

**SCREENING ORDER**

Plaintiff Gary A. Sanders, a state prisoner proceeding *pro se* and *in forma pauperis*, initially filed this civil rights action on December 15, 2010, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. In response to this Court's order of February 8, 2011, Plaintiff filed an amended complaint on February 25, 2011 (Doc. 5).

**I.    Pleading Standards and Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

-1-

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted."  28 U.S.C. § 915(e)(2)(B)(ii).

6      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
7  exceptions," none of which applies here.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).
8  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing
9  that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give
10 the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."
11 *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare
12 recitals of the elements of the cause of action, supported by mere conclusory statements, do not
13 suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v.*
14 *Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as
15 true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550
16 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  *Twombly*, 550
17 U.S. at 555.

18     Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief
19 above the speculative level."  *Id.* at 555 (*citations omitted*).  A plaintiff must set forth "the grounds
20 of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic
21 recitation of the elements of a cause of action."  *Id.* at 555-56 (*internal quotation marks and citations*
22 *omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and
23 factual basis for his claim(s) against that defendant.

24 **II.  Plaintiff's Claim - Excessive Force in Effectuating Arrest**
25     **A.  <u>Factual background</u>**
26     According to the original complaint, on December 23, 2009, Plaintiff was arrested by the
27 Kern County Bureau of Investigations, which was assisting the Kern County Violent Crime Task
28 Force.  Eight unidentified members of the FBI, who were also members of the Task Force, kicked

and beat Plaintiff, until he was unconscious and bleeding from his nose.  The assault fractured Plaintiff's back and crushed his skull and face.  Plaintiff's dentures were lost during the course of his arrest.

Following the assault, Plaintiff was hospitalized and underwent plastic surgery.  He continues to experience pain as a result of the assault and anticipates life-long medical issues attributable to his injuries.  Plaintiff seeks monetary damages.

Plaintiff's amended complaint includes a modified factual statement that omits certain facts originally alleged and adds others.  The Court reminds Plaintiff that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Because whatever facts included in the final form of the complaint are the only facts that will be deemed to have been alleged, in preparing his second amended complaint, Plaintiff should carefully consider the facts that he wishes to allege.  Plaintiff may want to add facts from the original complaint to the facts alleged in the amended complaint to ensure that all facts relevant to his claims are included.  In particular, the Court advises Plaintiff to restore those facts setting forth the nature and extent of his injuries.

**B.    Defendants**

**1.    Federal Bureau of Investigation (FBI)**

Under *Bivens*, a plaintiff has a cause of action for damages against federal agents who violated the plaintiff's constitutional rights.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994).  No similar cause of action exists against federal agencies.  *Id.* at 473, 486.  Accordingly, Plaintiff cannot pursue a cause of action against the F.B.I.  Plaintiff should remove the F.B.I. as a Defendant in both the caption and the allegations.

///

///

### 2. "John Doe" Defendants.

In the body of his amended complaint, Plaintiff also names John Does 1 to 7, whose names are currently unknown to Plaintiff. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Cal. 2008).

Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules and orders of the Court, including diligently acting to identify any "John Doe" defendants named in his suit. *Grinage v. Leyba*, 2008 WL 199720 at 12 (D. Nev. January 17, 2008). When a plaintiff is not able to name one or more Defendants when he files his complaint, he must provide sufficient information to enable the Court and his opponents to know who he is trying to identify. *See Bivens*, 403 U.S. at 390 n. 2 (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'")

As noted above, In the body of his amended complaint, Plaintiff has alleged claims against seven John Doe defendants, the FBI agents who were members of the Federal Gang Task Force who arrested Plaintiff on December 23, 2009. These individuals should be subject to later identification

through government records.[1]  In the caption of the second amended complaint, Plaintiff should specify as defendants: "John Does 1 through 7, members of the Federal Gang Task Force."

### 3. Other Defendants

Plaintiff appropriately adds to the caption "FBI senior officer John Doe Sherman."

Plaintiff should not use the term "*et al.*" in the caption of his second amended complaint, but should name each defendant or group of defendants that he intends to include in his case.

## C. Plaintiff's Claims

### 1. Excessive Force

Plaintiff contends that Defendants violated his rights by applying excessive force in the course of his arrest. Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961). An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996). Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). To evaluate a Fourth Amendment claim, this Court must consider whether each Defendant's actions were objectively reasonable in light of the facts of the arrest. *Scott*, 550 U.S. at 381. This means that the Court must consider whether the arresting officer's actions were objectively reasonable in light of the facts and circumstances of the arrest, without regard to their underlying intent or motivation. *Graham*, 490 U.S. at 387. Reasonableness of the

---

[1] The United States Marshal cannot initiate service of process on unknown defendants. Accordingly, Plaintiff's complaint will not move forward until Plaintiff is able to identify one or more defendants.

1  type of force used is evaluated from the perspective of an officer on the scene and must include an
2  allowance for the fact that police officers are often forced to make a split-second determination of the
3  necessary amount of force.  *Id.*
4       In his second amended complaint, Plaintiff should add the facts alleged in his original
5  complaint to the facts alleged in his amended complaint to fully allege his Fourth Amendment
6  Claims.
7  **III.**    **<u>Conclusion and Order</u>**
8       Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will
9  provide Plaintiff with one additional opportunity to file an amended complaint curing the
10 deficiencies identified by the Court in this order.  Plaintiff may not change the nature of this suit by
11 adding new, unrelated claims in his second amended complaint.  *George v. Smith*, 507 F.3d 605, 607
12 (7th Cir. 2007).
13      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
14 named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
15 *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the "[f]actual
16 allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*,
17 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal claims and setting
18 forth, as briefly but specifically as possible, the facts linking the defendants he names to the violation
19 of his rights.
20      Finally, Plaintiff is advised that any amended complaint supercedes all prior complaints,
21 *Forsyth*, 114 F.3d at 1474, and must be "complete in itself without reference to the prior or
22 superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original complaint
23 which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*,
24 114 F.3d at 1474.
25      Based on the foregoing, it is HEREBY ORDERED that:
26      1.    Plaintiff's amended complaint is dismissed with leave to amend for failure to state a
27           claim;
28      2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

4. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:    March 3, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE