UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY A. SANDERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS, *et al.*, SENIOR OFFICER (JOHN DOE) SHERMAN, FEDERAL GANG TASK FORCE,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-02332-LJO-SMS<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 7) |

**SCREENING ORDER**

　　　Plaintiff Gary A. Sanders, a state prisoner proceeding *pro se* and *in forma pauperis*, initially filed this civil rights action on December 15, 2010, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. In response to this Court's orders of February 8, and March 4, 2011 (Docs. 4 and 6), Plaintiff filed an amended complaints on February 25, and March 21, 2011 (Docs. 5 and 7).

　　　Plaintiff has now amended his complaint so that it will allege a cognizable claim with one simple amendment. The Eighth Amendment to the United States Constitution applies when an individual is incarcerated. Since Plaintiff's claims arise from an assault incident to arrest, his

-1-

statement of claim should be amended to state that Sherman assaulted Plaintiff in violation of the *Fourth* and Fourteenth Amendments to the Constitution rather than the Eighth and Fourteenth Amendments. The balance of Plaintiff's Second Amended Complaint should remain unchanged.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with one additional opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. The Court encourages Plaintiff to leave his third amended complaint unchanged from the second amended complaint except for correcting the one error noted above. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants he names to the violation of his rights.

Finally, Plaintiff is advised that any amended complaint supercedes all prior complaints, *Forsyth*, 114 F.3d at 1474, and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed with leave to amend for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

///

      3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint curing the deficiency identified by the Court in this order; and

      4.      If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 25, 2011**                     **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE