UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY A. SANDERS,<br><br>           Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATIONS,<br>JOHN DOES 1 TO 8,<br><br>           Defendants.<br>_____/ | CASE NO. 1:10-cv-02332-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 9) |

Plaintiff Gary A. Sanders, a state prisoner proceeding *pro se* and *in forma pauperis*, initially filed this civil rights action on December 15, 2010, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  On February 8, March 4, and March 28, 2011, this Court dismissed Plaintiff's complaint for failure to state a claim, in each case granting Plaintiff leave to amend in accordance with the Court's screening order.  In each amendment, Plaintiff failed to amend in accordance with the Court's order so that the Third Amended Complaint, filed April 6, 2011, fails to state a claim upon which relief can be granted.  Accordingly, this Court recommends that this case be dismissed with prejudice for failure to state a claim.

///

## I. Pleading Standards and Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

///

## II. Factual and Procedural Background

### A. Initial Complaint

Plaintiff best alleged the facts supporting his claims in his initial complaint. Plaintiff alleged he was arrested on December 23, 2009, by the Kern County Bureau of Investigations, which was assisting the Kern County Violent Crime Task Force. Eight unidentified members of the FBI, who were also members of the Task Force, kicked and beat Plaintiff, until he was unconscious and bleeding from his nose. The assault fractured Plaintiff's back and crushed his skull and face. Plaintiff's dentures were lost during the course of his arrest.

Following the assault, Plaintiff was hospitalized and underwent plastic surgery. He continues to experience pain as a result of the assault and anticipates life-long medical issues attributable to his injuries.

In its screening order dismissing the initial complaint, the Court noted various deficiencies that precluded the complaint from stating a claim. It found Plaintiff unable to bring a *Bivens* action against federal agencies such as the Federal Bureau of Investigation, which was initially named as a Defendant, and directed Plaintiff to add as defendants law enforcement personnel associated with the "Kern County Violent Crimes Gang task force" or other law enforcement agencies to correspond to facts suggesting that such persons were part of the alleged assault incident to Plaintiff's arrest. The Court discussed federal procedure regarding "John Doe" defendants, finding that the FBI agents named as John Does would be readily identifiable through government records.

With regard to Plaintiff's claims of excessive force, the Court briefly discussed applicable law under the Fourth Amendment to the U.S. Constitution and directed Plaintiff to allege additional facts tying each Defendant to the alleged assault in his amended complaint, if he decided to proceed with amendment. The Court explained that, since the alleged assault did not occur in the course of confinement, the Eighth Amendment to the Constitution was not applicable to Plaintiff's claims.

In its conclusion and order, the Court provided:

> Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants he names to the violation of his rights.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

### B.     First Amended Complaint

Despite the Court's warning that amended complaints supersede all prior complaints, when Plaintiff filed his First Amended Complaint on March 4, 2011, he omitted the well-pleaded facts that he had originally alleged. In its screening order, the Court advised Plaintiff that, if he elected to again amend his complaint, as the order permitted him to do, he should restore the facts setting forth the nature and extent of his injuries as they related to his Fourth Amendment claim of excessive force. The Court again directed Plaintiff to remove the F.B.I. as a defendant since no cause of action under *Bivens* exists against federal agencies and to delineate his John Doe defendants more specifically.

The Court's conclusion repeated the advisory language used in its first order and indicated that Plaintiff would be permitted "one additional opportunity to file an amended complaint curing the deficiencies identified by the Court."

### C.     Second Amended Complaint

Plaintiff again filed an amended complaint on March 21, 2011. Although the complaint was substantially changed and barely cognizable, it mistakenly treated Plaintiff's excessive force claim as arising under the Eighth Amendment to the U.S. Constitution. Accordingly, the Court dismissed the second amended complaint for failure to state a claim, encouraging Plaintiff to submit a third amended complaint that was unchanged from the second amended complaint except for references to his claim's arising under the Eighth Amendment being amended to reflect that they were made under

the Fourth Amendment.

### D. Third Amended Complaint

On April 6, 2011, Plaintiff filed a third amended complaint that had been completely revised from the second amended complaint. The complaint neither included the detailed factual allegations of the original complaint nor appended the incident reports that supplemented Plaintiff's factual allegations in the second amended complaint. The nature of the claim was recast to allege wrongdoing only by Defendant John Doe Sherman, who allegedly ordered an attack incident to Plaintiff's arrest and refused to provide Plaintiff with medical assistance following the arrest. The statement of claim, set forth in a single brief paragraph was replete with legal conclusions and omitted numerous elements essential to a claim of excessive force incident to an arrest in violation of the Fourth Amendment.

### C. Plaintiff's Claims -- Excessive Force

Plaintiff contends that the sole remaining Defendant violated his rights by ordering the use of excessive force in the course of Plaintiff's arrest and by denying Plaintiff medical attention following the assault. Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961). An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996). Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). To evaluate a Fourth Amendment claim, this Court must consider whether each Defendant's actions were objectively reasonable in light of the facts of the arrest.

1  *Scott*, 550 U.S. at 381.  This means that the Court must consider whether the officer's actions were
2  objectively reasonable in light of the facts and circumstances of the arrest, without regard to the
3  underlying intent or motivation.  *Graham*, 490 U.S. at 387.  Reasonableness of the type of force used
4  is evaluated from the perspective of an officer on the scene and must include an allowance for the
5  fact that police officers are often forced to make a split-second determination of the necessary
6  amount of force.  *Id.*

7  In his third amended complaint, Plaintiff has not alleged sufficient specific facts to allow the
8  Court to understand the circumstance of the arrest and the specific facts relevant to assessing whether
9  the Defendants' force was excessive.

10  **IV.    Conclusion and Recommendation**

11  Despite multiple screenings and amendments, Plaintiff's complaint fails to state a claim upon
12  which relief may be granted.  In addition, the nature of Plaintiff's claims has changed substantially
13  from the initial complaint to the third amended complaint.   Accordingly, the undersigned **HEREBY**
14  **RECOMMENDS** that this case be dismissed with prejudice.

15  These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill,
16  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule
17  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
18  California.  Within thirty (30) days after being served with a copy, Plaintiff may file written
19  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
20  Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant
21  to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file objections within the specified time
22  may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
23  1991).

24  IT IS SO ORDERED.

25  **Dated:     April 8, 2011**                                /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE
26
27
28